Mark PUNA; Gacalina
Puna, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74354.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Oct. 5, 2006.

Walter J. Gleason, Jr., Esq., Law Offices of Walter J. Gleason, Jr., Boston, MA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Joan E. Smiley, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Circuit Judge, TALLMAN and BEA, Circuit Judges.

## MEMORANDUM **

Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only insofar as necessary to explain our decision.

Petitioners Mark and Gacalina Puna petition for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the order of the Immigration Judge ("IJ") denying their asylum, withholding of removal, and Convention Against Torture claims. They claim Mr. Puna's lack of competency to testify and to represent his wife and himself violated due process and the IJ erred by relying on the State Department Report on Albania. These contentions, however, were not raised to the BIA.

We "may review a final order of removal *only if* ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C.A. § 1252(d)(1) (emphasis added). We have construed § 1252(d)(1) as a jurisdictional bar where an alien fails to raise a claim in his or her appeal to the BIA. *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2003). In *Barron,* we explained petitioners need not exhaust

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional claims that are beyond the competence of the BIA. *Id.* "Among such challenges may be due process claims, but only if they involve more than 'mere procedural error' that an administrative tribunal could remedy." *Id.* (citation omitted).

Here, the Punas' claims are "mere procedural error[s]" that the BIA could have remedied by ordering a new asylum hearing with counsel present and further inquiry regarding Mr. Puna's competency to testify. Accordingly, we do not possess jurisdiction to review the Punas' claims because they are barred by the Punas' failure to exhaust administrative remedies.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.